Case No. 19-3746 and Case No. 19-3747 Union Pacific Railroad Company v. Intl. Assn. of Sheet Metal, Air, Rail, and Transportation Workers Mr. Garland Good morning and may it please the court In the decision rendered against Union Pacific by the United States District Court for the District of Nebraska The court, in the conclusion portion of the memorandum, wrote Although this court has ruled in favor of SMART as to the reinstatement of Mr. Lebsack, the court is troubled with this case Upon careful review of the record, this court is puzzled how the arbitration board, in this matter, came to the conclusion that Mr. Lebsack's actions of purposefully defecating on the knuckle of his train and leaving his feces for others to clean up, somehow did not constitute conduct worthy of upholding his termination It is from this decision that Union Pacific seeks relief because, like the district court below, Union Pacific is both troubled and puzzled how the arbitration board came to the conclusion that Mr. Lebsack's odious and disgusting actions on November 20th, 2016, where he defecated on a piece of Union Pacific I get your facts and I looked at the pictures, but it says 18 years service with limited discipline and all the other mitigating factors, dismissal was excessive. I'm quoting from what they said Yes, your honor. But prior to that sentence, or those sentences, the arbitrator noted that Before any disciplinary action was contemplated, it would have been reasonable for the carrier to first have sent claimant for a comprehensive psych and medical evaluation to determine his fitness for duty and the credibility of his explanations And if found fit, then it would have been appropriate to handle the incident strictly as a disciplinary matter But your honor, that was all that was before the arbitration board. It was a disciplinary matter The arbitrator then, in his decision, is treating it clearly as something different or more than a disciplinary matter which was outside the scope of his jurisdiction And section 45 of the United States Code, section 153, clearly states that when an arbitrator exceeds the scope or jurisdiction of his authority, then he's acting outside the scope of his jurisdiction Well, counsel addressed all the black letter law, my goodness, that were to give extremely high deference to this very board And as you know, there are a lot of cases, by the way, a lot are Union Pacific cases, I might add quickly And so what do you do with all those, I won't start reading you the words, but extremely high deference is not an incorrect assessment of the law While there is extremely high deference, the reviewing court, the appellate court, reviews the findings of law, the conclusions of law, the conclusions of law de novo And in this case, your honor, the court should take a fresh look at what the agreements to form the arbitration board provided in terms of jurisdiction Section 5B of the parties agreement establishing PLB 7861 reads, the board shall not have authority to change existing agreements or make new rules governing rules and or working conditions Counsel, that's 5B, but isn't this controlled by 5A because we're dealing with a grievance or a dispute? It, but if you read 5A, 5B and the agreement, the agreement says that you are only permitted to address the matters brought before the arbitration board And the matter brought before the arbitration board was strictly a disciplinary matter with respect to Mr. Lebsack That's all it was. It wasn't a fitness for duty determination or a complaint against a fitness for duty determination that Union Pacific made It was strictly a disciplinary matter. The arbitrator expands what's before him essentially when he says, prior to treating this as a disciplinary matter You first have to, Union Pacific, it would have been reasonable for Union Pacific to require a comprehensive psychological and medical evaluation Your honor, and then if found fit, the fitness for duty determination is not even a part of the case The fitness for duty determination, any fitness for duty determination at a railroad carrier is separate and apart from a discipline determination The fitness for duty statutes and regulations enforced by the Federal Railroad Administration are not part of the collective bargaining agreement and not subject to it And yet this arbitrator, arbitrator Morgan felt that he had the authority in crafting a remedy to change what was before him from strictly a disciplinary matter He advises that it would have been reasonable to have it be, or was necessary in fact, to have it be first a fitness for duty determination And then if found fit, it could proceed as a disciplinary matter You went back of what I quoted you, I'll go back of what you quoted there It says in light of their knowledge of this specific employee and his psychological problems and everything that was in his fitness file So they act like they're talking just about this case. I know you want the horrible situation but how do you respond to their talking about this case? The fitness for duty file, I guess his medical, I'm sorry your honor, the employee's medical file was not an issue in here Well how did, pardon me, I'm sorry to interrupt you, let me interrupt you quickly They say UP knew of his history of psychological issues, that's the suppressed premise of that Now you're saying that's not true? Union Pacific's medical department would know and have knowledge of that But it's front line supervisors who were in charge of discipline would have no knowledge of that And because this case was not a fitness for duty determination His medical file, the employee's medical file would not have been made part of the carrier or Union Pacific's record at the hearing And it wouldn't have been a consideration of the superintendent Moreover, that premise that the organization Smart Union said that Union Pacific had knowledge of this His long psychological issues and his physical issues It presupposes evidence that's nowhere in the record And moreover, the ADA makes it clear that that kind of medical information is to be segregated and excluded Separate and apart from an employee's personnel file So again, the supervisors, the superintendent, the charging manager would have had no knowledge of Mr. Lebsack's physical and mental condition Moreover, the fitness for duty regulations and statutes are not part of the collective bargaining agreement Those are detailed and set forth by the Federal Railroad Administration statutorily and in regulations Under the fitness for duty determination, Union Pacific does have access to plaintiff's medical file And if the railroad determines that the employee is fit for duty, then he works Clearly, Mr. Lebsack, with all his history of medical and psychological problems, was working on November 20, 2016 So you can extrapolate that clearly he was fit for duty But, plaintiffs now want to argue that fitness for duty should be an issue here And it is specifically, it was not in front of the arbitrator Moreover, rule 82, the disciplinary rule that we cited in our brief can be found at the addendum at page 13 Provision 2, the general statement says locomotive engineers will not be disciplined without first being given a fair and impartial investigation Except as provided below Now, there's more there, but it does not say, it does not say anywhere in rule 82 That engineers will not be disciplined without first being given comprehensive medical and psychological evaluations Can that be part of the investigation, counsel? Can that be part of the investigation? No, your honor, because specifically, rule 82 doesn't call for that Moreover, doesn't it say investigation? Let me interrupt you, and I know we got a little delay here But it has the word investigation, right? And that's also in the decision Can investigation include investigation in the medical? No, your honor, because the medical, the fitness for duty determination is not a part of the disciplinary process It is a separate function Nowhere in the collective bargaining agreement does it say that a medical determination must be made for a fitness for duty If an employee has a problem with a fitness for duty determination, there is a provision And again, I'm getting outside the record, this just happens, and plaintiff's counsel will not dispute this There is a provision that calls for a three doctor panel to make a determination whether an individual is fit for duty But again, that wasn't before the arbitrator. There was no issue with respect to fitness for duty This was strictly a disciplinary matter Okay And it is your position that in this investigation for a disciplinary matter There is no place for anyone to ever consider the mental or physical health in that disciplinary process Period, end of argument, goodbye, see you later Correct, your honor, you cannot Clearly, when the agreement states between the parties that the arbitrator cannot change rules Or working conditions, then yeah, end of story, you don't get to change You don't get to retroactively add a prerequisite prior to imposing or proceeding in the disciplinary process When Union Pacific had no idea that it had an obligation to engage in such a comprehensive medical and psychological evaluation Prior to proceeding in discipline And your honor, the arbitrator acknowledged that Union Pacific, that there was no factual dispute here That Union Pacific had sufficient factual evidence that Mr. Lepsak did what he was accused of doing And would have been able to proceed in termination It would have been reasonable if Union Pacific would have first, right, conducted a comprehensive Counsel, I held up my fingers so now I'll say it, you're in your rebuttal But you're welcome to use it however you want to, you can use it now Well first, if Union Pacific would have required a comprehensive physical and mental evaluation Your honor, I yield the balance of my time for rebuttal Yeah, save the balance for rebuttal, and Mr. McKinley Yes, thank you, may it please the court, my name is Sean McKinley, I'm assistant general counsel with the smart transportation division And as Judge Benton, as you said, there's a whole host of black letter law regarding the review of arbitration awards Specifically under the Railway Labor Act But I guess it is important to raise a few points for the purposes of this case First, the standard of review of these awards is known as among the narrowest known to law That is what the Supreme Court has said And this is by design because when Congress enacted the Railway Labor Act The desire was to provide parties with a dispute resolution process That would provide consistency and finality In order to prevent interruptions to interstate commerce Now with that said, as counsel for appellant indicates Certainly a party can challenge an arbitrator's award On three grounds, here for our purposes the challenge is made Pursuant to the provision that the arbitrator allegedly exceeded the scope of his jurisdiction Now while a challenge is permitted The question, the court is not to replace its judgment for that of the arbitrator The only question is whether the arbitrator did what he was asked to do And further, when an arbitrator's decision is challenged for exceeding the scope of jurisdiction The court is to broadly construe the agreement and resolve all doubts in favor of the arbitrator's authority Now turning to the merits of this case I think it's apparent from Union Pacific's argument That they certainly, this is a case where the carrier It's as old as the Railway Labor Act This is a case where one party is upset at an arbitrator's decision And that happens all the time But the issue here is that the underlying facts of the incident are not in dispute They never were in dispute, Mr. Lebsack admitted to what he did He expressed remorse and there are a number of explanations for what was going on with him at the time But the only question for the arbitrator was what discipline was appropriate And now here, as you noted Judge Benton The arbitrator found that Mr. Lebsack had a number of physical and mental health issues at the time And he had an 18 year work history that was relatively clean with Union Pacific And then he found that dismissal was excessive under those circumstances I mean getting specific, and I bring this up because Union Pacific does not raise these mitigating factors in their filings Nor does it raise it here But the arbitrator found that Mr. Lebsack had physical and digestive problems Panic disorder, anxiety, he was suffering from fatigue on the day of the incident And he also had personal issues where his wife had informed him two days before That she was leaving him and wanted a divorce Now the investigation that your adversary referred to Did that investigation include finding these psychological facts or is this after the fact that we find out about all these? This was all introduced at the investigation, your honor Essentially the investigation, it's in the record, I don't have the exact citation for you But the investigation was, there was no question of the conduct The question was what sort of discipline was appropriate And the evidence introduced in the record involved all these various issues that he had going on at the time And that was in the original investigation, correct? Yes, yes Thank you So under these factors the board found that dismissal was excessive And importantly, I think for purposes of this case, ordered Mr. Lebsack to be reinstated without backbite And subject to a last chance agreement Counsel, I'd like to just kind of hone in The facts are disputed and the general law is not disputed We all know the very broad authority of the board in this situation to fashion a remedy But there is one limit on their authority And that is their decision has to be based on an interpretation of the collective bargaining agreement And so I'd like you to tell me what precise provision of the collective bargaining agreement they based their decision on The interpretation of that provision Sure, certainly judge, and thank you for the question I would first argue that That appellant puts too much stock into the statement about medical and health evaluations A plain reading of the award Makes it clear that the arbitrator was looking at all these factors that were going on And just felt that dismissal was excessive under those circumstances But assuming, arguendo is that Union Pacific argues here is that There was some sort of prerequisite imposed upon Union Pacific Before they could implement discipline against an employee I would first say that As I believe Judge Benton mentioned The collective bargaining agreement requires a fair and impartial investigation Now, that is a very open-ended term It doesn't have a lot of specifics But certainly an arbitrator is within their discretion to interpret that provision That is their duty under the Railway Labor Act And in this instance if we are to accept the argument That a precondition was imposed upon Union Pacific That would certainly be within the arbitrator's discretion in doing so So I ask counsel, just so I'm clear Are you saying that the provision of the collective bargaining agreement That they are interpreting is the word investigation? Well, I believe the term fair and impartial investigation and all that encompasses That would seem to be all-inclusive How do you mean by all-inclusive, your honor? Limitless, without limit Well, I agree with that, your honor And I've argued many cases where it involves Kind of open-ended and vague contract revisions And certainly it can seem limitless The possible interpretations that arise out of that Are you really arguing that it's potentially limitless? Or are you saying that within a fair and impartial investigation That the mental state underlying the act Is a reasonable area of inquiry In a limited investigation? Because I think you're going to sit there and say There is no limited investigation Then we might as well just throw the CBA out And say start over again But if you're trying to tell me That sort of a mental state, mens rea Kind of analysis underlying any act That is subject to discipline Is necessarily encompassed In a fair and impartial investigation I might buy that But if it's like we can just go into anything As long as it's fair and impartial I don't see how that helps you Well, I appreciate the question, your honor I think it's important to consider the context Of the underlying incident, correct? This is a long-time employee Who had a very limited discipline history Who engaged in what I mean, to at least be fair Is a leastly considered bizarre behavior That raises questions as to Their mental state at the time That this was happening So I think the arbitrator would be certainly It's not limitless But in the context of this case I think it's certainly Mr. Lebsack's mental health At the time of the incident Was certainly, I think, on the table At least as far as the investigation goes Counsel, my question is a little bit different The board believes it's determining If the discipline was Arbitrary, excessive, unreasonable Or abuse of carrier's discretion What's that language from? I'm sorry, your honor Could you repeat that? Okay, the board says It's page two of the public board decision I think what it says Is our job is to determine If the discipline was Arbitrary, excessive, unreasonable Or abuse of the carrier's discretion What's that language from? Is that from the public law board agreement, your honor? Where that establishes Well, I'm reading a quotation I'm sorry, I'm reading a quotation From their amended final award, page two Okay Okay, if you look down there At the end of the first paragraph of that page  The board may modify the penalty If we determine the penalty was Arbitrary, excessive, unreasonable Or abuse of carrier's discretion Is that language in the CBA? Is it in some of these rules we're talking about? Is it in previous board decisions? Where does that language come from? Well, determinations like that, your honor Are essentially Typically arise from the Common law of arbitration decisions It is a regular practice Especially in the rail industry That discipline imposed Can be considered excessive And another discipline Can be imposed in the alternative Okay, have courts ruled Have courts recognized That as being the standard the board can follow? Well, courts generally When they speak of an arbitrator An arbitrator's discretion They say that an arbitrator Has broad discretion in fashioning remedies And that an arbitrator Is supposed to be considered Kind of an expert in the field of The industry in which they're working And they're supposed to bring that judgment To bear and form Fair Determinations as to To resolve the conflict here And that's where I would That's where I would think that language Comes from and what it's based on, your honor Okay, thank you Go ahead No, I'm done, I'm done, go ahead, please Counselor, I do have one other question Again, the board has very broad authority But my question is Whether they have authority To impose Employment conditions on employees And specifically I'm referring to The last chance agreement That they seem to have imposed On the employee Yes, certainly, your honor It is a common Remedy in situations such as this That a last chance agreement Is imposed as a condition Of reinstatement And as I said here before this court I mean, the union has not challenged That finding of the arbitrator We find that to be within The discretion of the arbitrator In fact, you didn't appeal at all Right? No, your honor, we did not appeal Okay, thank you You found no appeal, that's what I thought You know, talking about that Unreasonable, arbitrary and capricious I think that there's a couple Of Tenth Circuit cases That have recognized that Or at least stated it Diamond is one And I think Robinson's another But I don't know that we've ever Indicated that in our cases I mean, if you look at The board's decisions It seems to be all over the place All over the country That they keep saying that But it doesn't seem to And it actually seems like The Tenth Circuit lifted it From the board So I mean, it doesn't really look Like there's any regulation rule Or anything And are you saying that As far as you know That that's just the board's A hundred year history Of real arbitration awards And I will admit And I come across it In my employment That sometimes different arbitrators Will refer to maybe a different standard But it is, generally speaking That is the standard That they consider when they're looking At the type of discipline that's imposed It's not part of the actual record Of this case I don't think counsel for appellant Would disagree that an arbitrator Couldn't maybe impose something In the alternative That's certainly not an issue That they've appealed to this court That was part of the district court case And with the limited time I have left There are a couple things I think it's important to address The ADA arguments Union Pacific has argued that To require testing of this nature Would violate the Americans with Disabilities Act Just briefly, I want to touch on that First, that was not raised Before the district court And I note this in the brief In more detail But the only mentions of the ADA Or the FMLA in the filings Before the district court Were one oblique reference And one hypothetical question That appellant never followed up on In any sort of meaningful way And accordingly That argument should be waived But moving forward Assuming that argument Is not waived If you have an employee Who has an 18-year work history Who engages in this sort of conduct I think while Union Pacific has argued That they had no reason To believe he had a disability Or essentially anything was going on I think that's belied By the facts of this case Certainly when an employee Engages in this sort of conduct It may raise a question As to their mental health And an inquiry can be made For a job consistent With business necessity So I think that argument There is lacking And the final point I want to make Just to touch on We argue for it in the brief As part of the enforcement action It is true the arbitrator Did not award back pay In this case But it has now been Nearly two years Since Union Pacific has And if you like that surely That's what cross appeals are about Well your honor I would argue That the issue of back pay Would be part and parcel To the enforcement action itself And in this case I think to give the full effect Of the arbitrator's decision That back pay at least From the period that he was Denied reinstatement Up until he is reinstated Would be appropriate I wouldn't in this instance I would argue That back pay Would be part and parcel To the enforcement action itself And in this case   That back pay at least  Denied reinstatement  Would be appropriate I would argue That back pay at least From the period that he was Denied reinstatement  Thank you your honor Just to pick up on A line that judge grass Raised in his questioning The language that the Arbitrator used To describe the basis of his Decision is found nowhere In the collective bargaining Agreement and nowhere In rule 82 And nowhere in the agreement Appellate raises the argument That well it's just part of The common law of Labor arbitrations Over the hundred year history of The act Plaintiff Excuse me appellate What about the words fair and impartial Ahead of investigation That's in rule 82 And clearly When the When the arbitrator Says that there was substantial Evidence I didn't hear you sorry your honor You're breaking up Okay The question simply is That Doesn't fair and impartial mean Something are those the right words If they are perceived with the argument Or are your time short Your honor again I did not hear your question I'll be damned I apologize Excuse me let me see if I can Holler it louder The question really is What about the words fair and Impartial Don't they have some meaning Go ahead and respond is that right Dwayne I did hear you judge Erickson Fair and impartial Clearly Have meaning but do they Permit the arbitrator To change a rule Requiring Union Pacific To engage in a fitness for duty Determination or evaluation Before discipline Is a clear change of rule I agree that that would Excuse me I agree that would be I hate to interrupt you But their argument essentially Is that inherent in fair and Impartial there's at least Given this bizarre conduct Of mental health Or like kind of a men's Rhea or mental state Inquiry that is inherent In fair and impartial Why are they wrong Because that's not contemplated Under the agreement and then You're bringing in men's Rhea well then what's Who makes the determination Whether the mental state of The offending employee Is enough that he Understands I mean what do we Do we now adopt a McNaughton test In an industrial hearing It just brings in Attenuated circumstance I mean facts of law this is Just an industrial hearing Not involving attorneys It's involving a union Representative and a Frontline manager Yeah I don't think they're Arguing for a McNaughton rule I think what they're arguing Is that if the conduct Is bizarre and unusual enough And the work history is long Enough that one needs to I understand your honor but I don't believe just simply Acting like a jerk Renders makes it necessary That an employer Sends you for a mental A comprehensive mental and Psychological evaluation I don't believe that That's necessarily a business Necessity thank you your honor My time is concluded Okay listen thank you both For the argument case Thank you